# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER: **CR04-1239(A)-CAS** |
|---|---|---|
| | Plaintiff(s) | |
| v. | | **WARRANT FOR ARREST** |
| **TOCAYO LNU** | | |
| | Defendant(s) | |

TO:     UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest **TOCAYO LNU**

and bring him/her forthwith to the nearest Magistrate Judge to answer a(n): ☐Complaint ■Indictment

☐Information     ☐Order of Court     ☐Probation Violation Petition     ☐Violation Notice

charging him/her with: (ENTER DESCRIPTION OF OFFENSE BELOW)

**Conspiracy to Distribute Cocaine**

in violation of Title **21:** United States Code, Section(s) **846, 841(a)(1), 841(b)(1)(A):**

| Sherri R. Carter | | |
|---|---|---|
| NAME OF ISSUING OFFICER | | December 14, 2004     LOS ANGELES, CALIFORNIA |
| | | DATE AND LOCATION OF ISSUANCE |
| Clerk of Court | | |
| TITLE OF ISSUING OFFICER | | |
| ROSALIND TYUS-SIMON | | BY: ANDREW J. WISTRICH |
| SIGNATURE OF DEPUTY CLERK | | NAME OF JUDICIAL OFFICER |

### RETURN

THIS WARRANT WAS RECEIVED AND EXECUTED WITH THE ARREST OF THE ABOVE-NAMED DEFENDANT AT (LOCATION):

| | |
|---|---|
| DATE RECEIVED | NAME OF ARRESTING OFFICER |
| DATE OF ARREST | TITLE |
| DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO | SIGNATURE OF ARRESTING OFFICER |

**WARRANT FOR ARREST**

**NOTE: All items are to be completed. Information not applicable or unknown shall be indicated as "N/A".**

1. Alias Name(s)___Pete_____

2. ☒ Indictment    ☐ Information;
   a. Investigative agency (i.e., FBI, DEA, IRS, BICE, etc.) __DEA_____

3. Offense charged as a: ☒ Felony
   a. ☐Misdemeanor ☐Minor Offense ☐Petty Offense
   b. Date of Offenses__Up to 8/25/04____
   c. County in which first offense occurred:
      ___Los Angeles County_____
   d. The crimes charged are alleged to have been committed in: (Check **ALL** that apply)
      ☒ Los Angeles    ☐ Ventura
      ☐ Orange         ☐ Santa Barbara
      ☐ Riverside      ☐ San Luis Obispo
      ☐ San Bernardino ☐ Other

4. Citation of Offense:__21 U.S.C. §§ 846,
   841(a)(1), 841(b)(1)(A)_____

5. This defendant is charged in: ☐ All Counts
   ☒ Only Count___1_____

6. __X__ A complaint was previously filed on _____
   _____
   case no._____
   charging_____
   The complaint:    ☐ Is still pending
   ☐ Was dismissed on_____

7. Has an information or indictment involving this defendant and the same transaction or series of transactions been previously filed and dismissed before trial?  ☒ No
   ☐ Yes (Case No._____)

8. __X___ This is the first superseding charge (i.e., first, second, etc.). The superseding case was previously filed on September 2, 2004.

9. (Continued) The superseded cases:
   ☒ Is still pending before Judge Snyder as

10. Pursuant to Section 10.1 of General Order 224, criminal cases may be related if a previously filed information or indictment and the present case:
    a. arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or
    b. involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges.
    Related case(s), if any, (Must attach Notice of Related Case):__CR 04-952-CAS; CR 04-1239-CAS, 04-1516-CAS_____

11. ___N/A_____ This defendant is designated as "High Risk" per 18 U.S.C. 3164(a)(2) by the U.S. Attorney.

12. ___N/A_____ This is designated a "Special Case" per 18 U.S.C. 3166(b)(7).

13. Date of Birth__Unknown_____
    ☐ Male          ☐ Female
    ☐ U.S. Citizen  ☐ Alien

14. Is defendant a juvenile?           ☐Yes ☒No
    If yes, should matter be sealed    ☐Yes ☒No

15. Will sixteen (16) days or more be required to present government's evidence in the case in chief?     ☐Yes ☒No

16. Is an interpreter required?    ☐ No
    ☒ Yes (list language and/or dialect)
    ___Spanish_____

17. The area of substantive law that will be involved in this case includes:
    ☐ financial institution fraud  ☐public corruption
    ☐government fraud              ☐tax offenses
    ☐Environmental issues          ☐mail/wire fraud
    ☒other: Narcotics

**-OVER-**
**CASE SUMMARY**

CR-72 (5/98)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2004 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>                    Plaintiff, )<br><br>                    v. )<br><br>JORGE ORTIZ, )<br>JESUS ORTIZ, )<br>     aka Toro, )<br>     aka Mario Gonzalez, )<br>VICTOR GOMEZ-ORTIZ, )<br>     aka Pana, )<br>THURSTON STEWART III, )<br>     aka Dirk, )<br>FINIS LAWRENCE ADAMS, )<br>     aka Larry Finis Adams, )<br>     aka Lawrence Finis Adams, )<br>     aka John Winston, )<br>     aka Cat, )<br>     aka LA, )<br>NORBERTO CHIHUAHUA, )<br>     aka Pete, )<br>TOCAYO LNU, and )<br>ROMAN RUIZ, )<br>     aka Chapo, )<br>     aka Chapito, )<br><br>                    Defendants. )<br>_____) | CR 04-1239(A)-CAS<br><br>FIRST SUPERSEDING<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 846, 841(a)(1),<br>841(b)(1)(A): Conspiracy to<br>Distribute Cocaine;<br>21 U.S.C. §§ 846, 841(a)(1),<br>841(b)(1)(A): Conspiracy to<br>Distribute Methamphetamine;<br>21 U.S.C. §§ 846, 841(a)(1),<br>841(b)(1)(A): Distribution of<br>Cocaine; 21 U.S.C.<br>§§ 841(a)(1), 841 (b)(1)(A):<br>Possession with Intent to<br>Distribute Methamphetamine] |

PAH:pah

1    The Grand Jury charges:

2                        COUNT ONE

3          [21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)]

4    A.   OBJECT OF THE CONSPIRACY

5          Beginning on a date unknown, and continuing to on or about

6    August 25, 2004, in Los Angeles County, within the Central

7    District of California and elsewhere, defendants JORGE ORTIZ

8    ("ORTIZ"), JESUS ORTIZ, also known as ("aka") Toro ("TORO"), aka

9    Mario Gonzalez, VICTOR GOMEZ-ORTIZ, aka Pana ("PANA"), THURSTON

10   STEWART III, aka Dirk ("STEWART"), FINIS LAWRENCE ADAMS, aka

11   Larry Finis Adams, aka Lawrence Finis Adams, aka John Winston,

12   aka Cat, aka LA ("ADAMS"), ROMAN RUIZ, aka Chapo, aka Chapito

13   ("RUIZ"), and others known and unknown to the Grand Jury,

14   conspired and agreed with each other to knowingly and

15   intentionally distribute more than five (5) kilograms, that is,

16   at least 15 kilograms, of a mixture or substance containing a

17   detectable amount of cocaine, a schedule II narcotic drug

18   controlled substance, in violation of Title 21, United States

19   Code, Sections 841(a)(1) and 841(b)(1)(A).

20   B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE

21        ACCOMPLISHED

22        The object of the conspiracy was to be accomplished in

23   substance as follows:

24        1.   Defendants ORTIZ and TORO would arrange to purchase

25   large quantities of cocaine.

26        2.   Defendant PANA would store the cocaine purchased by

27   defendants ORTIZ and TORO from cocaine suppliers.

28

                           - 2 -

1       3.   Defendants ORTIZ and RUIZ would distribute the cocaine
2   to cocaine buyers.

3       4.   Defendants STEWART and ADAMS would purchase cocaine
4   from defendant ORTIZ in order to distribute it to cocaine buyers.

5   C.   OVERT ACTS

6       In furtherance of the conspiracy and to accomplish the
7   object of the conspiracy, defendants ORTIZ, TORO, PANA, STEWART,
8   ADAMS, and RUIZ, and others known and unknown to the Grand Jury,
9   committed various overt acts on or about the following dates,
10  within the Central District of California and elsewhere,
11  including but not limited to the following:

12      1.   On May 1, 2004, using coded language in a telephone
13  conversation, defendant ORTIZ told defendant STEWART that he had
14  cocaine to sell.

15      2.   On May 6, 2004, using coded language in a telephone
16  conversation, defendant TORO told defendant ORTIZ that an
17  unindicted coconspirator offered to sell them cocaine for $13,700
18  per kilogram.

19      3.   On May 27, 2004, using coded language in a telephone
20  conversation, defendant PANA told defendants ORTIZ and TORO that
21  defendant STEWART had called to arrange a cocaine delivery.

22      4.   On May 27, 2004, using coded language in a telephone
23  conversation, defendant PANA told defendants ORTIZ and TORO that
24  an unindicted coconspirator needed to be paid for 8 kilograms of
25  cocaine.

26      5.   On June 2, 2004, using coded language in a telephone
27  conversation, defendant ADAMS offered to purchase 5 kilograms of
28

1  cocaine from defendant ORTIZ.

2      6.    On June 9, 2004, using coded language in a telephone

3  conversation, defendant ADAMS asked defendant ORTIZ if he had

4  cocaine to sell.

5      7.    On June 9, 2004, using coded language in a telephone

6  conversation, defendant STEWART told defendant ORTIZ that he

7  wanted to meet defendant ORTIZ' cocaine supplier.

8      8.    On July 5, 2004, using coded language in a telephone

9  conversation, defendant TORO told defendant ORTIZ that he needed

10  to pay an unindicted coconspirator for cocaine that defendants

11  ORTIZ and TORO had received.

12      9.    On August 21, 2004, using coded language in a telephone

13  conversation, defendant STEWART told defendant ORTIZ that he

14  needed an additional kilogram of cocaine similar to the one that

15  he recently had obtained from defendant ORTIZ.

16      10.    On August 25, 2004, in Los Angeles, California,

17  defendants ORTIZ and RUIZ delivered approximately 16.72 kilograms

18  of cocaine to an unindicted coconspirator at the residence

19  located at 2445 Santa Ana Street, Walnut Park, California.

20

21

22

23

24

25

26

27

28

COUNT TWO

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)]

On or about August 25, 2004, in Los Angeles County, within the Central District of California, defendants JORGE ORTIZ and ROMAN RUIZ, also known as ("aka") Chapo, aka Chapito, knowingly and intentionally distributed more than five (5) kilograms, that is, approximately 16.72 kilograms, of a mixture or substance containing a detectable amount of cocaine, a schedule II narcotic drug controlled substance.

- 5 -

COUNT THREE

[21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)]

A.   OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about August 25, 2004, in Los Angeles County, within the Central District of California and elsewhere, defendants JORGE ORTIZ ("ORTIZ"), NORBERTO CHIHUAHUA, also known as ("aka") Pete ("CHIHUAHUA"), TOCAYO LAST NAME UNKNOWN ("TOCAYO"), ROMAN RUIZ, aka Chapo, aka Chapito ("RUIZ"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute more than 500 grams, that is, at least 5 kilograms, of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished in substance as follows:

1.   Defendant ORTIZ would purchase large quantities of methamphetamine from a methamphetamine supplier in Mexico.

2.   Defendants ORTIZ and RUIZ would transport the methamphetamine to buyers.

3.   Defendants CHIHUAHUA and TOCAYO would deliver cash derived from the sale of methamphetamine to defendant ORTIZ and unindicted coconspirators.

- 6 -

1 | C.    OVERT ACTS

2 |       In furtherance of the conspiracy and to accomplish the

3 | object of the conspiracy, defendants ORTIZ, CHIHUAHUA, TOCAYO,

4 | and RUIZ, and others known and unknown to the Grand Jury,

5 | committed various overt acts on or about the following dates,

6 | within the Central District of California and elsewhere,

7 | including but not limited to the following:

8 |       1.    On August 18, 2004, using coded language in a telephone

9 | conversation, defendant ORTIZ told defendant TOCAYO that an

10 | unnamed methamphetamine supplier had said that $1,000 was missing

11 | from the proceeds from the sale of methamphetamine that defendant

12 | TOCAYO had delivered to the supplier.

13 |       2.    On August 20, 2004, using coded language in a telephone

14 | conversation, defendant ORTIZ told defendant CHIHUAHUA to

15 | determine if defendant CHIHUAHUA's brother was ready to deliver

16 | the proceeds from the sale of methamphetamine.

17 |       3.    On August 20, 2004, using coded language in a telephone

18 | conversation, defendant RUIZ told defendant ORTIZ that defendant

19 | TOCAYO had asked him what was supposed to happen with the

20 | methamphetamine that they had stored.

21 |       4.    On August 20, 2004, using coded language in a telephone

22 | conversation, defendant ORTIZ told defendant RUIZ that a

23 | methamphetamine customer was not answering the telephone.

24 |       5.    On August 21, 2004, using coded language in a telephone

25 | conversation, defendant CHIHUAHUA told defendant ORTIZ that he

26 | had not picked up proceeds from the sale of methamphetamine

27 | because the methamphetamine customers had not yet arrived.

28 |

1    6.    On August 25, 2004, at approximately 6:10 p.m.,

2  defendarts ORTIZ and RUIZ arrived at a residence located at 229

3  West 103rd Street, Los Angeles, California.

4    7.    On August 25, 2004, at approximately 8:30 p.m.,

5  defendants ORTIZ and RUIZ left the residence at 229 West 103rd

6  Street, Los Angeles, California, in possession of approximately

7  8.932 kilograms of methamphetamine.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)]

On or about August 25, 2004, in Los Angeles County, within the Central District of California, defendants JORGE ORTIZ and ROMAN RUIZ, also known as ("aka") Chapo, aka Chapito, knowingly and intentionally possessed with intent to distribute more than 500 grams, that is, approximately 8.932 kilograms, of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance.

A TRUE BILL

_____
Foreperson

DEBRA W. YANG
United States Attorney

STEVEN D. CLYMER
Special Assistant United States Attorney
Chief, Criminal Division

PETER A. HERNANDEZ
Assistant United States Attorney
Narcotics Section

- 9 -