IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | 05-0823-MBB |
| FNU LNU ) | |
|   a/k/a Paulino Ortiz- ) | |
|   Espinoza ) | |
|   a/k/a Tocayo ) | |
| ) | |

**UNITED STATES' MOTION TO DISMISS CRIMINAL ACTION**

The United States' Attorney for the District of Massachusetts, Michael J. Sullivan, respectfully moves this court to dismiss the instant criminal action and order the individual before this court be released from the custody of the U.S. Marshals forthwith. In support of the motion, the government states as follows:

On or about May 10, 2005, the individual before this court was arrested by the Boston Police Department under the belief that this individual was wanted in the Central District of California on a pending indictment. A copy of the indictment and arrest warrant is attached as Exhibit A. The initial identification was based upon a DEA cooperating witness in California who told investigators that the person charged in the CA indictment, FNU LNU, a.k.a. "Tocayo" was the same person depicted in a CA driver's license in the name Paulino Ortiz-Espinoza. This information including the warrant for "Tocayo" was entered by law enforcement agents in CA into the National Crime Information Center (NCIC) database.

The individual before this court, at the time of arrest by

*[Handwritten in left margin: May 13, 2005. Allowed. Marianne B. Bowler, USMJ]*

BPD, possessed a MA driver's license in the name Paulino Ortiz-Espinoza with the same date of birth and social security number as used by the defendant "Tocayo" in CA. Based on this and other information, the BPD notified the U.S. Marshals about this individual and the pending warrant out of California.

On May 10, 2005, the individual before the court made his initial appearance and was appointed counsel. The court thereafter set an identity hearing under Federal Rule of Criminal Procedure 5(c)(3)(D)(ii) (former Rule 40) for May 13, 2005 at 2:00 p.m.

On May 12, 2005, undersigned counsel obtained the booking photograph from the individual before this court from the U.S. Marshals Service as well as a surveillance photograph and a photo from the CA driver's license which the DEA CW identified as being defendant "Tocayo." After discussions with the AUSA and DEA agent in CA about these photographs, the DEA agent informed undersigned counsel that, based on these photographs, he believed the individual before the court arrested in Boston, MA is not same person known as Tocayo and also known as Paulino Ortiz-Espinoza who is charged in the indictment in their case.

For these reasons, the government respectfully submits that pursuant to Rule 5(c)(3)(D)(ii), the individual before the court is <u>not</u> the same person charged in the indictment in CA. Therefore, this individual should <u>not</u> be transferred to the Central District of CA and should be released from the custody of the U.S. Marshals forthwith.

Respectfully submitted,

By: /s/ MICHAEL J. SULLIVAN
MICHAEL J. SULLIVAN
U.S. Attorney
District of Massachusetts
One Courthouse Way
Boston, MA
(617) 748-3397

/By Michael K. Loucks for Michael J. Sullivan 5/13/5

Date: May 13, 2005

3

# Exhibit A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER: CR04-1239(A)-CAS |
|---|---|
| Plaintiff(s) | |
| v. | |
| TOCAYO LNU | WARRANT FOR ARREST |
| Defendant(s) | |

TO: UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

YOU ARE HEREBY COMMANDED to arrest **TOCAYO LNU**
and bring him/her forthwith to the nearest Magistrate Judge to answer a(n): ☐Complaint ☒Indictment
☐Information ☐Order of Court ☐Probation Violation Petition ☐Violation Notice
charging him/her with: (ENTER DESCRIPTION OF OFFENSE BELOW)

**Conspiracy to Distribute Cocaine**

in violation of Title **21**; United States Code, Section(s) **846, 841(a)(1), 841(b)(1)(A)**:

| Sherri R. Carter | December 14, 2004    LOS ANGELES, CALIFORNIA |
|---|---|
| NAME OF ISSUING OFFICER | DATE AND LOCATION OF ISSUANCE |
| Clerk of Court | |
| TITLE OF ISSUING OFFICER | BY: **ANDREW J. WISTRICH** |
| ROSALIND TYUS-SIMON | NAME OF JUDICIAL OFFICER |
| SIGNATURE OF DEPUTY CLERK | |

## RETURN

THIS WARRANT WAS RECEIVED AND EXECUTED WITH THE ARREST OF THE ABOVE-NAMED DEFENDANT AT (LOCATION):

| DATE RECEIVED | NAME OF ARRESTING OFFICER |
|---|---|
| DATE OF ARREST | TITLE |
| DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO | SIGNATURE OF ARRESTING OFFICER |

**WARRANT FOR ARREST**

CR-12 (03/04)  PAGE 1 OF 2

```
                                                    FILED

                                              05 DEC 16 PM 3:55

                                                    [illegible]
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2004 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 04-1239(A)-CAS |
| Plaintiff, ) | **FIRST SUPERSEDING** |
| v. ) | **I N D I C T M E N T** |
| JORGE ORTIZ, ) | [21 U.S.C. §§ 846, 841(a)(1), |
| JESUS ORTIZ, ) | 841(b)(1)(A): Conspiracy to |
| aka Toro, ) | Distribute Cocaine; |
| aka Mario Gonzalez, ) | 21 U.S.C. §§ 846, 841(a)(1), |
| VICTOR GOMEZ-ORTIZ, ) | 841(b)(1)(A): Conspiracy to |
| aka Pana, ) | Distribute Methamphetamine; |
| THURSTON STEWART III, ) | 21 U.S.C. §§ 841(a)(1), |
| aka Dirk, ) | 841(b)(1)(A): Distribution of |
| FINIS LAWRENCE ADAMS, ) | Cocaine; 21 U.S.C. |
| aka Larry Finis Adams, ) | §§ 841(a)(1), 841(b)(1)(A): |
| aka Lawrence Finis Adams, ) | Possession with Intent to |
| aka John Winston, ) | Distribute Methamphetamine] |
| aka Cat, ) | |
| aka LA, ) | |
| NORBERTO CHIHUAHUA, ) | |
| aka Pete, ) | |
| TOCAYO LNU, and ) | |
| ROMAN RUIZ, ) | |
| aka Chapo, ) | |
| aka Chapito, ) | |
| Defendants. ) | |

PAK:pah

1  The Grand Jury charges:
2  COUNT ONE
3  [21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)]
4  A. OBJECT OF THE CONSPIRACY
5  Beginning on a date unknown, and continuing to on or about
6  August 25, 2004, in Los Angeles County, within the Central
7  District of California and elsewhere, defendants JORGE ORTIZ
8  ("ORTIZ"), JESUS ORTIZ, also known as ("aka") Toro ("TORO"), aka
9  Mario Gonzalez, VICTOR GOMEZ-ORTIZ, aka Pana ("PANA"), THURSTON
10 STEWART III, aka Dirk ("STEWART"), FINIS LAWRENCE ADAMS, aka
11 Larry Finis Adams, aka Lawrence Finis Adams, aka John Winston,
12 aka Cat, aka LA ("ADAMS"), ROMAN RUIZ, aka Chapo, aka Chapito
13 ("RUIZ"), and others known and unknown to the Grand Jury,
14 conspired and agreed with each other to knowingly and
15 intentionally distribute more than five (5) kilograms, that is,
16 at least 15 kilograms, of a mixture or substance containing a
17 detectable amount of cocaine, a schedule II narcotic drug
18 controlled substance, in violation of Title 21, United States
19 Code, Sections 841(a)(1) and 841(b)(1)(A).
20 B. MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
21    ACCOMPLISHED
22 The object of the conspiracy was to be accomplished in
23 substance as follows:
24    1. Defendants ORTIZ and TORO would arrange to purchase
25 large quantities of cocaine.
26    2. Defendant PANA would store the cocaine purchased by
27 defendants ORTIZ and TORO from cocaine suppliers.
28

3. Defendants ORTIZ and RUIZ would distribute the cocaine to cocaine buyers.

4. Defendants STEWART and ADAMS would purchase cocaine from defendant ORTIZ in order to distribute it to cocaine buyers.

C. **OVERT ACTS**

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants ORTIZ, TORO, PANA, STEWART, ADAMS, and RUIZ, and others known and unknown to the Grand Jury, committed various overt acts on or about the following dates, within the Central District of California and elsewhere, including but not limited to the following:

1. On May 1, 2004, using coded language in a telephone conversation, defendant ORTIZ told defendant STEWART that he had cocaine to sell.

2. On May 6, 2004, using coded language in a telephone conversation, defendant TORO told defendant ORTIZ that an unindicted coconspirator offered to sell them cocaine for $13,700 per kilogram.

3. On May 27, 2004, using coded language in a telephone conversation, defendant PANA told defendants ORTIZ and TORO that defendant STEWART had called to arrange a cocaine delivery.

4. On May 27, 2004, using coded language in a telephone conversation, defendant PANA told defendants ORTIZ and TORO that an unindicted coconspirator needed to be paid for 8 kilograms of cocaine.

5. On June 2, 2004, using coded language in a telephone conversation, defendant ADAMS offered to purchase 5 kilograms of

1 | cocaine from defendant ORTIZ.

2 |     6. On June 9, 2004, using coded language in a telephone
3 | conversation, defendant ADAMS asked defendant ORTIZ if he had
4 | cocaine to sell.

5 |     7. On June 9, 2004, using coded language in a telephone
6 | conversation, defendant STEWART told defendant ORTIZ that he
7 | wanted to meet defendant ORTIZ' cocaine supplier.

8 |     8. On July 5, 2004, using coded language in a telephone
9 | conversation, defendant TORO told defendant ORTIZ that he needed
10 | to pay an unindicted coconspirator for cocaine that defendants
11 | ORTIZ and TORO had received.

12 |     9. On August 21, 2004, using coded language in a telephone
13 | conversation, defendant STEWART told defendant ORTIZ that he
14 | needed an additional kilogram of cocaine similar to the one that
15 | he recently had obtained from defendant ORTIZ.

16 |     10. On August 25, 2004, in Los Angeles, California,
17 | defendants ORTIZ and RUIZ delivered approximately 16.72 kilograms
18 | of cocaine to an unindicted coconspirator at the residence
19 | located at 2445 Santa Ana Street, Walnut Park, California.

## COUNT TWO

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)]

On or about August 25, 2004, in Los Angeles County, within the Central District of California, defendants JORGE ORTIZ and ROMAN RUIZ, also known as ("aka") Chapo, aka Chapito, knowingly and intentionally distributed more than five (5) kilograms, that is, approximately 16.72 kilograms, of a mixture or substance containing a detectable amount of cocaine, a schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)]

A. OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about August 25, 2004, in Los Angeles County, within the Central District of California and elsewhere, defendants JORGE ORTIZ ("ORTIZ"), NORBERTO CHIHUAHUA, also known as ("aka") Pete ("CHIHUAHUA"), TOCAYO LAST NAME UNKNOWN ("TOCAYO"), ROMAN RUIZ, aka Chapo, aka Chapito ("RUIZ"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute more than 500 grams, that is, at least 5 kilograms, of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

B. MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished in substance as follows:

1. Defendant ORTIZ would purchase large quantities of methamphetamine from a methamphetamine supplier in Mexico.

2. Defendants ORTIZ and RUIZ would transport the methamphetamine to buyers.

3. Defendants CHIHUAHUA and TOCAYO would deliver cash derived from the sale of methamphetamine to defendant ORTIZ and unindicted coconspirators.

C.  **OVERT ACTS**

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants ORTIZ, CHIHUAHUA, TOCAYO, and RUIZ, and others known and unknown to the Grand Jury, committed various overt acts on or about the following dates, within the Central District of California and elsewhere, including but not limited to the following:

1.  On August 18, 2004, using coded language in a telephone conversation, defendant ORTIZ told defendant TOCAYO that an unnamed methamphetamine supplier had said that $1,000 was missing from the proceeds from the sale of methamphetamine that defendant TOCAYO had delivered to the supplier.

2.  On August 20, 2004, using coded language in a telephone conversation, defendant ORTIZ told defendant CHIHUAHUA to determine if defendant CHIHUAHUA's brother was ready to deliver the proceeds from the sale of methamphetamine.

3.  On August 20, 2004, using coded language in a telephone conversation, defendant RUIZ told defendant ORTIZ that defendant TOCAYO had asked him what was supposed to happen with the methamphetamine that they had stored.

4.  On August 20, 2004, using coded language in a telephone conversation, defendant ORTIZ told defendant RUIZ that a methamphetamine customer was not answering the telephone.

5.  On August 21, 2004, using coded language in a telephone conversation, defendant CHIHUAHUA told defendant ORTIZ that he had not picked up proceeds from the sale of methamphetamine because the methamphetamine customers had not yet arrived.

1   6.   On August 25, 2004, at approximately 6:10 p.m.,
2   defendants ORTIZ and RUIZ arrived at a residence located at 229
3   West 103rd Street, Los Angeles, California.
4   7.   On August 25, 2004, at approximately 8:30 p.m.,
5   defendants ORTIZ and RUIZ left the residence at 229 West 103rd
6   Street, Los Angeles, California, in possession of approximately
7   8.932 kilograms of methamphetamine.

- 8 -

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)]

On or about August 25, 2004, in Los Angeles County, within the Central District of California, defendants JORGE ORTIZ and ROMAN RUIZ, also known as ("aka") Chapo, aka Chapito, knowingly and intentionally possessed with intent to distribute more than 500 grams, that is, approximately 8.932 kilograms, of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance.

A TRUE BILL

_____
Foreperson

DEBRA W. YANG
United States Attorney

*[signature]*

STEVEN D. CLYMER
Special Assistant United States Attorney
Chief, Criminal Division


PETER A. HERNANDEZ
Assistant United States Attorney
Narcotics Section

- 9 -